UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION



JULIO LOPEZ and MICHAEL OROS,

*On Behalf of Themselves and All Others Similarly Situated*,

Plaintiffs,

v.

VOLUSION, LLC,

Defendant.

Case No.: 1:20-cv-00761-LY

### ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT AND CONDITIONALLY CERTIFYING CLASS FOR SETTLEMENT PURPOSES ONLY

WHEREAS, on July 17, 2020, Plaintiff Lopez and Plaintiff Michael Oros filed a Class Action Complaint in this Court on July 17, 2020, asserting claims against Defendant Volusion, LLC related to the Data Security Incident.[1]

WHEREAS, on July 27, 2020, Volusion filed its Bankruptcy Case, whereupon an automatic stay of this Litigation went into place pursuant to 11 U.S.C. § 362(a).

WHEREAS, on August 10, 2020, this Court entered its Order staying the Litigation.

WHEREAS, on November 20, 2020, the Bankruptcy Court entered its Confirmation

---

[1] Capitalized terms shall have the same meaning as those assigned to them in the Settlement Agreement.

Order, confirming, as modified therein, the Plan. The Effective Date of the Plan occurred on January 19, 2021.

WHEREAS, on June 2, 2021, the Bankruptcy Court entered its Order allowing Plaintiffs to pursue the Litigation provided that any recovery awarded shall be limited to any available insurance proceeds covering the Reorganized Debtor (*i.e.*, Volusion).

WHEREAS, on August 18, 2021, this Court lifted the stay in the Litigation, and Volusion was ordered to file an answer to Plaintiffs' Class Action Complaint on or before September 13, 2021.

WHEREAS, on September 13, 2021, Volusion filed its Motion to Dismiss. Plaintiffs filed their Response in Opposition to Volusion's Motion to Dismiss on October 11, 2021, and Volusion filed its Reply in Support of its Motion to Dismiss on November 11, 2021.

WHEREAS, Plaintiffs, individually and on behalf of themselves and the proposed Class, and Volusion have entered into a Settlement resolving the Litigation, as set forth in the Parties' Settlement Agreement, subject to Court approval.

WHEREAS, Plaintiffs filed Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, Preliminary Certification, and Approval of Notice Plan on April 12, 2022 ("Motion").

WHEREAS, the Litigation was settled subject to the Court's approval as a result of arm's-length negotiations, investigation, and informal discovery sufficient to permit counsel and the Court to act knowingly, and counsel are experienced in similar litigation.

WHEREAS, Plaintiffs, the proposed Class Representatives, have moved the Court for entry of an order preliminarily approving the Settlement, conditionally certifying the Class for settlement purposes only, and approving the form and method of notice upon the terms and

conditions set forth in the Settlement Agreement, together with all exhibits thereto.

WHEREAS, the Court having considered the Settlement Agreement, together with all exhibits thereto and records in this case, and for good cause appearing, hereby orders as follows:

## I. CONDITIONAL CERTIFICATION OF THE CLASS

1. Plaintiffs' Motion (Dkt. No. 39) is GRANTED.

2. Having made the findings set forth below, the Court conditionally certifies the following nationwide Class for settlement purposes only:

> All persons to whom Volusion sent its Notice of Data Incident dated on or about April 21, 2020, advising that on or about October 8, 2019, Volusion learned that personal information of some customers of Volusion's merchant clients may have been improperly exposed as a result of malware placed on Volusion's e-commerce platform.

3. Excluded from the Class is any judge presiding over this matter and any members of their first-degree relatives, judicial staff, the officers and directors of Volusion and its customers who were impacted by the Data Security Incident, Class Counsel and their first-degree relatives, and persons who timely and validly request exclusion from the Class.

4. For settlement purposes only, with respect to the Class, the Court preliminary finds the prerequisites for a class action pursuant to Federal Rule of Civil Procedure 23 have been met, in that: (a) the Class is so numerous that joinder of all individual Class members in a single proceeding is impracticable; (b) questions of law and fact common to all Class members predominate over any potential individual questions; (c) Plaintiffs' claims are typical of the claims of the Class; (d) Plaintiffs and proposed Class Counsel will fairly and adequately represent the interests of the Class; and (e) a class action is the superior method to fairly and efficiently adjudicate this controversy.

5. The Court hereby appoints Plaintiffs as the Class Representatives for the Class.

3

6. The Court hereby appoints Michael Singley, Edwards Law Group, Austin, Texas; Melissa S. Weiner, Pearson, Simon & Warshaw, LLP, Minneapolis, Minnesota; Jonathan M. Streisfeld, Kopelowitz Ostrow Ferguson Weiselberg and Gilbert, Fort Lauderdale, Florida; and Hassan A. Zavareei, Tycko & Zavareei LLP, Washington D.C. as Class Counsel.

## II. PRELIMINARY APPROVAL

7. The terms of the Settlement, including its proposed releases, are preliminarily approved as within the range of fair, reasonable, and adequate, and are sufficient to warrant providing Class Notice of the Settlement to the Class, and are subject to further and final consideration at the Final Approval Hearing provided for below. In making this determination, the Court considered the fact that the Settlement is the product of arm's-length negotiations conducted by experienced and knowledgeable counsel, the current posture of the Litigation, the benefits of the Settlement to the Class, and the risk and benefits of continuing litigation to the Parties and the Class.

8. As provided for in the Settlement Agreement, if the Court does not grant final approval of the Settlement or if the Settlement Agreement is terminated or cancelled in accordance with its terms, then the Settlement, and the conditional certification of the Class for settlement purposes only provided for herein, will be vacated and the Litigation shall proceed as though the Class had never been conditionally certified for settlement purposes only, with no admission of liability or merit as to any issue, and no prejudice or impact as to any party's position on the issue of class certification or any other issue in the case.

## III. NOTICE OF THE SETTLEMENT TO THE CLASS

9. The Court appoints Kroll Settlement Administration as the Settlement Administrator. The responsibilities of the Settlement Administrator are set forth in the

Settlement Agreement.

10.  The Court has considered the Class Notice provisions of the Settlement Agreement, and the Postcard Notice, Email Notice, and Long Form Notice, attached as Exhibits B, C, and D, respectively, of the Settlement Agreement, as well as the Declaration of Justin R. Hughes of Kroll Settlement Administration LLC, In Support Of Preliminary Approval filed concurrently with the Motion. The Court finds that the Class Notice is the best notice practicable under the circumstances, constitutes due and sufficient notice of the Settlement and this Order to all persons entitled thereto, and is in full compliance with applicable law and due process. The Court approves as to form and content the Postcard Notice, Email Notice, and Long Form Notice attached as Exhibits B, C, and D to the Settlement. The Court orders the Settlement Administrator to commence the Class Notice following entry of this Order in accordance with the terms of the Settlement Agreement.

11.  The Court approves as to form and content the Claim Form attached as Exhibit A to the Settlement Agreement.

12.  Class Members who qualify for and wish to submit a Claim Form under the Settlement Agreement shall do so in accordance with the requirements and procedures of the Settlement Agreement and the Claim Form under which they are entitled to seek relief. The Claims Deadline is 90 days after the Class Notice Date. All Class Members who fail to submit a claim in accordance with the requirements and procedures of the Settlement Agreement and respective Claim Form shall be forever barred from receiving any such benefit but will in all other respects be subject to and bound by the provisions of the Settlement Agreement and the Releases contained therein.

## IV. REQUESTS FOR EXCLUSION FROM THE CLASS

13. Any Class Member may make a Request for Exclusion by mailing or delivering such request in writing to the Settlement Administrator at the address set forth in the Class Notice.

The written notice must clearly manifest an intent to be excluded from the Class. To be effective, a Request for Exclusion must be postmarked or delivered by the Request for Exclusion Deadline (*i.e.*, not later than 90 days after the Class Notice Date). The Request for Exclusion shall (i) state the Class Member's full name and current address, and (ii) clearly state his or her desire to be excluded from the Settlement and from the Class. Failure to comply with these requirements and to timely submit the Request for Exclusion will result in the Class Member being bound by the terms of the Settlement Agreement.

14. Any Class Member who submits a timely Request for Exclusion may not file an objection to the Settlement Agreement and shall be deemed to have waived any rights or benefits under this Settlement Agreement.

15. Persons falling within the definition of the Class who do not timely and validly submit a Request for Exclusion shall be bound by the terms of the Settlement Agreement, including its Releases, and all orders entered by the Court in connection therewith.

## V. OBJECTIONS AND NOTICES OF INTENTION TO APPEAR

16. Each Class Member who wishes to be heard orally at the Final Approval Hearing, or who wishes for any objection to be considered, must file a written notice of objection by the Objection Deadline (*i.e.*, within 90 days from the Class Notice Date).

17. To state a valid objection to the Settlement, the written objection must include (i) the name of the proceedings; (ii) the Class Member's full name, current mailing address, current

e-mail address, e-mail address which received the Notice of Data Incident from Volusion, and telephone number; (iii) a statement of the specific grounds for the objection, as well as any documents supporting the objection; (iv) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (v) the identity of any attorneys representing the objector; (vi) a statement regarding whether the Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; and (vii) the signature of the Class Member or the Class Member's attorney. To be timely, the Class Member making the objection must file the objection with the Court by mailing it to the Clerk of the United States District Court for the Western District of Texas, Austin Division, at the address where filings are accepted by the Clerk, on or before the Objection Deadline, and mail the objection to the Settlement Administrator (who shall forward it to Class Counsel and Defense Counsel), postmarked on or before the Objection Deadline.

18. Any objecting Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, or object to any petitions for reasonable attorneys' fees, Service Awards, and reimbursement of reasonable litigation costs and expenses. Any objecting Class Member intending to appear, in person or by counsel, at the Final Approval Hearing must file with the Clerk of the Court and mail to the Settlement Administrator (who shall forward it to Class Counsel and Defense Counsel) a Notice of Intention to Appear at the Final Approval Hearing by the Objection Deadline. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member (or his/her counsel) will present to the Court in connection with the Final Approval Hearing.

19. Any Class Member who does not provide a Notice of Intention to Appear in

complete accordance with specifications set forth in the Class Notice may be barred from speaking or otherwise presenting any views at the Final Approval Hearing, but the Court will still consider the objection filed by that Class Member.

20. Unless otherwise ordered by the Court upon a showing of good cause, objectors who fail to properly or timely file their objections, along with the required information and documentation set forth above, or to serve them as provided above, may not be heard during the Final Approval Hearing, their objections may be waived, and their objections may not be considered by the Court.

## VI. THE FINAL FAIRNESS HEARING

21. The Court will hold a Final Approval Hearing on *October 6, 2022*, at *9:30 a.m.*, at the United States Courthouse, Austin Division, 501 West Fifth Street, Suite 1100, Austin, Texas 78701, to consider: (a) whether certification of the Class for settlement purposes only should be confirmed; (b) whether the Settlement should be approved as fair, reasonable, adequate and in the best interests of the Class; (c) the application by Class Counsel for an award of attorneys' fees, costs and expenses as provided for under the Settlement Agreement; (d) the application for Plaintiffs' Service Awards as provided for under the Settlement Agreement; (e) whether the release of Released Claims as set forth in the Settlement Agreement should be provided; (f) whether the Court should enter the final order and judgment; and (g) ruling upon such other matters as the Court may deem just and appropriate. The Final Approval Hearing may, from time to time and without further notice to Class Members, be continued or adjourned by order of the Court.

22. No later than 30 days before the Exclusion Deadline and Objection Deadline, Plaintiffs shall file their Motion for Final Approval of Class Action Settlement Agreement and

for Award of Attorney's Fees, Costs and Class Representatives' Service Award ("Motion for Final Approval"). No later than 7 days prior to the Final Approval Hearing, Plaintiffs shall file their Reply Brief in Support of Motion for Final Approval, including as needed to respond to any valid and timely objections.

23. The related time periods for events preceding the Final Approval Hearing are as follows:

| Event | Timing |
|---|---|
| Volusion provides the Settlement Administrator with a list of Class Members | 10 days after Preliminary Approval |
| Email Notice will be sent to the Class (Class Notice Date) | 24 days after Preliminary Approval |
| Postcard Notice will be mailed to the Class | 40 days after Preliminary Approval |
| Plaintiffs shall file their Motion for Final Approval of Class Action Settlement Agreement and for Award of Attorneys' Fees, Costs and Class Representatives' Service Awards ("Motion for Final Approval") | 84 days after Preliminary Approval |
| Last Day to Object or Opt Out (Objection Deadline and Request for Exclusion Deadline) | 90 days after the Class Notice Date |
| Reply Papers in Support of Final Approval | 7 days prior to Final Approval Hearing |
| Final Approval Hearing | October 6, 2022. |

24. The existing stay of the Litigation, see Dkt. No. 36, shall remain in effect pending the Court's ruling on final approval. Any action brought by a Class Member concerning a Released Claim shall be stayed pending final approval of the Settlement.

## VII.   OTHER PROVISIONS

25. Class Members are preliminarily enjoined from bringing any new alleged class actions asserting any Released Claims or maintaining any existing action to assert any Released Claims.

9

It is so ORDERED.

SIGNED this 12th day of May, 2022.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE