UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JULIO LOPEZ and MICHAEL OROS,<br><br>*On Behalf of Themselves and All Others Similarly Situated*,<br><br>       Plaintiffs,<br><br>v.<br><br>VOLUSION, LLC,<br><br>       Defendant. | Case No.: 1:20-cv-00761-LY |

**JOINT DECLARATION OF CLASS COUNSEL IN SUPPORT OF
MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
WITH DEFENDANT VOLUSION, LLC**

978693.2

Melissa S. Weiner, Jonathan M. Streisfeld, Hassan A. Zavareei, and Michael Singley, declare and state as follows:

1. This joint declaration is submitted in support of Plaintiffs' Motion for Final Approval of Class Action Settlement filed concurrently herewith.

2. On May 12, 2022, the Court entered an Order granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and therein appointed the undersigned counsel as Class Counsel. *See* Preliminary Approval Order, May 12, 2022, Dkt. No. 40 (hereinafter referred to as "Preliminary Approval Order") at 6-7.

3. Melissa S. Weiner is a partner of the law firm Pearson, Simon & Warshaw, LLP, and personally declares to the facts and statements set forth herein. If called upon as a witness, she could competently testify to the contents of this joint declaration.

4. Jonathan M. Streisfeld is a partner of the law firm Kopelowitz Ostrow Ferguson Weiselberg Gilbert, and personally declares to the facts and statements set forth herein. If called upon as a witness, he could competently testify to the contents of this joint declaration.

5. Hassan A. Zavareei is a partner of the law firm Tycko & Zavareei LLP, and personally declares to the facts and statements set forth herein. If called upon as a witness, he could competently testify to the contents of this joint declaration.

6. Michael Singley is a partner of the law firm Edwards Law Group, and personally declares to the facts and statements set forth herein. If called upon as a witness, he could competently testify to the contents of this joint declaration.

7. The Parties have litigated this case for over two years and in front of three different courts: the United States District Court for the Southern District of Florida, the United States Bankruptcy Court for the Southern District of Texas, and the United States District Court Western

District of Texas Austin Division. The litigation included a heavily contested Motion to Dismiss and extensive mediation. Further, Class Counsel conducted a thorough investigation of the facts both before and during the course of the Litigation.

8. In advance of the mediation, Class Counsel thoroughly investigated the facts, both Parties submitted lengthy mediation briefs to the mediator, and Defendant provided settlement discovery to Plaintiffs regarding the limited insurance funds it has to resolve the litigation.

9. On February 7, 2022, the Parties engaged in an intense, arm's-length, and hard-fought mediation before experienced privacy litigation class action mediator Bruce A. Friedman, Esq. of JAMS.

10. The mediation did not immediately result in a settlement, but after more than a week of extensive communication and negotiation between Class Counsel, Defendants, and Mr. Friedman following mediation, the Parties were able to reach an agreement to the material Settlement terms.

11. During settlement negotiations with the Defendants, the parties debated many issues, and negotiated many terms of the settlement, including the amount of payment and limitations related to the bankruptcy of Volusion. There was no collusion or preference among counsel for the settling parties at any time during these negotiations. To the contrary, the negotiations were hard fought, and fully informed. Plaintiffs sought to obtain the greatest monetary benefit possible from the Defendants. While confident in the strength of their claims, Class Representatives and Class Counsel are also pragmatic and recognize the risks inherent in litigation of a complex data breach case, especially one involving a bankrupt entity. The matter of attorney fees was not discussed until after the Parties agreed to the terms for the Settlement Class Members.

12. Pursuant to the terms of the Settlement achieved by Class Counsel based upon the assistance of Mr. Friedman, Defendant and its insurer, Hartford, has agreed to pay and fund the settlement up to Volusion's remaining policy limits with Harford which is approximately $4,300,000.00. The funds will be used to pay all timely and valid claims made by Settlement Class Members, Service Awards to the Class Representatives, Plaintiffs' Attorneys' Fees and Costs, and the costs of Notice and Administration.

13. Class Counsel navigated complex corporate liability issues in evaluating the likelihood of protracted litigation, considered the strength of Plaintiffs' claims and Defendant's defenses, as well as Volusion's pending bankruptcy proceedings and the risk of its insolvency. Class Counsel are confident in the substantial benefits that the Settlement will provide to the Settlement Class weighed against the risk in proceeding to trial and Volusion's potential insolvency.

14. Class Counsel and Kroll Settlement Administration, the Court-appointed claims administrator have executed the notice plan in accordance with the Court's Preliminary Approval Order. *See* Declaration of Justin R. Hughes of Kroll filed concurrently herewith. Although the Court-approved claims process is ongoing, it is clear that the Settlement represents an outstanding result for the Class and warrants final approval.

15. Settlement Class Members can file objections or opt out requests until September 6, 2022. To date, two exclusions and zero objections have been filed. Therefore, the initial reaction to the Settlement is extremely favorable.

16. Claimants will each receive reimbursement for documented out-of-pocket losses incurred as a result of the Data Security Incident including bank fees, long distance phone charges, cell phone charges, data charges, postage, gasoline for local travel, fees for credit reports, credit

monitoring, or other identity theft insurance product purchases up to a maximum of fifteen hundred dollars ($1,500.00). Settlement Agreement § III.1. Claimants will also receive compensation for time spent responding to the Data Security Incident of up to three (3) hours of lost time at a rate of $20.00 per hour which will be included within, and not in addition to, the calculation of reimbursement for documented out-of-pocket losses up to the maximum of fifteen hundred dollars ($1,500.00). *Id.* at § III.2.

17. The interests of the Settlement Class Members are aligned with those of the representative Plaintiffs. Plaintiffs, like all Settlement Class Members, share an overriding interest in obtaining the largest possible monetary recovery.

18. Class Counsel are qualified, experienced, and thoroughly familiar with data breach class action litigation, and they have diligently represented the interests of the Settlement Class throughout this litigation and will continue to do so. Indeed, Class Counsel have collectively recovered over 3 billion dollars for class members in other litigation, including data breach cases.

19. The risks, expense, complexity, and likely duration of further litigation support final approval of the Settlement. Should litigation continue, Plaintiffs' claims could be dismissed or narrowed at the motion to dismiss stage, summary judgment, at trial, or on a subsequent appeal. Defendant would oppose any motion for class certification. Even if they prevailed at trial, any recovery could be delayed for years by appeals. It is also possible, in fact, likely, any non-negotiated award at trial might never be recovered by Plaintiffs due to collectability issues.

20. In the opinion of Class Counsel, the proposed settlement agreement with the Defendant is fair, reasonable, and adequate. The Settlement provides substantial benefits to the Settlement Class and avoids the delay and uncertainty of continuing protracted litigation and the risk of an insolvent Defendant.

We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 4th day of August, 2022.

    */s/ Melissa S. Weiner*

Melissa S. Weiner
**PEARSON, SIMON & WARSHAW, LLP**

    */s/ Jonathan M. Streisfeld*

Jonathan M. Streisfeld
**KOPELOWITZ OSTROW FERGUSON
   WEISELBERG GILBERT**

    */s/ Hassan A. Zavareei*

Hassan A. Zavareei
**TYCKO & ZAVAREEI LLP**

    */s/ Michael Singley*

Michael Singley
**EDWARDS LAW GROUP**

*Counsel for Plaintiffs and the Proposed Class*