**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| JULIO LOPEZ and MICHAEL OROS, | |
| *On Behalf of Themselves and All Others Similarly Situated*, | |
| Plaintiffs, | **Case No.: 1:20-cv-00761-LY** |
| v. | |
| VOLUSION, LLC, | |
| Defendant. | |

**DECLARATION OF JUSTIN R. HUGHES OF KROLL SETTLEMENT**
**ADMINISTRATION LLC, IN SUPPORT OF FINAL APPROVAL**

I, Justin R. Hughes declare as follows:

1.     I am a Senior Director of Kroll Settlement Administration LLC ("Kroll"),[1] the Settlement Administrator appointed in the above-captioned case, whose principal office is located at 2000 Market Street, Suite 2700, Philadelphia, Pennsylvania 19103.  I am over 21 years of age and am authorized to make this declaration on behalf of Kroll and myself.  The following statements are based on my personal knowledge and information provided by other experienced Kroll employees working under my general supervision.  This declaration is being filed in connection with final approval.

2.     Kroll has extensive experience in class action matters, having provided services in class action settlements involving antitrust, data breach, securities fraud, labor and employment, consumer, and government enforcement matters.  Kroll has provided notification and/or claims administration services in more than 3,000 cases, including such data breach and privacy class action settlements as the Yahoo! Inc. Customer Data Security Breach Litigation, Bray et al. v. GameStop Corporation, Hutton v. National

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Settlement Agreement (as defined below).

Board of Examiners in Optometry, Hapka v. CareCentrix, Inc., and Orr et al. v. InterContinental Hotels Group, PLC et al. The Notice plan implemented in this matter is consistent with these other similar court-approved matters.

3.      This declaration describes the implementation of the Class Notices developed for the class action entitled *Julio Lopez and Michael Oros, et al. v. Volusion, LLC*, referred to herein as the "Settlement." The facts in this declaration are based on my personal knowledge, as well as information provided to me by my colleagues in the ordinary course of business in implementing the notice plan.

4.      Kroll was appointed as the Settlement Administrator to provide notification and administration services in connection with the Class Action Settlement Agreement and Release (the "Settlement Agreement") entered into in connection with the Settlement.  Kroll's duties under the Settlement have and will include: (a) preparing and sending notices in connection with the Class Action Fairness Act; (b) receiving and analyzing the Class Member contact list (the "Class List") from defense counsel; (c) creating a website with online claim filing capabilities; (d) establishing a toll-free number; (e) establishing a post office box for the receipt of mail; (f) preparing and sending the Postcard Notice via First Class Mail; (g) preparing and sending email notice; (h) establishing an email address to receive Class Member inquiries; (i) receiving and processing mail from the United States Postal Service ("USPS") with forwarding addresses; (j) receiving and processing undeliverable mail, without a forwarding address, from the USPS; (k) receiving and processing Claim Forms; (l) receiving and processing opt outs; (m) sending reminder notices to Class Members regarding filing a Claim, and (n) such other tasks as counsel for the Parties or the Court request Kroll perform.

## NOTICE PLAN SUMMARY

5.      Federal Rules of Civil Procedure, Rule 23 directs that notice must be "the best practicable under the circumstances" and must include "individual notice to all members who can be identified through reasonable effort." The notice plan here satisfied this requirement with individual notice mailed via United States Postal Service ("USPS") first class mail or sent via email. Address updating (both prior to mailing and on undeliverable pieces) and re-mailing protocols met or exceeded those used in other class action settlements. Coverage was further enhanced by a settlement website.

6.      The notices were written in accordance with the plain language guidance provided by the Federal Judicial Center ("FJC").[2]

7.      Accordingly, the notice plan, as designed and implemented, is consistent with other court-approved notice programs and has reached the greatest practicable number of Class Members through the use of individual notice which courts have favored as the highest form of notice.

## CAFA NOTICE

8.      On behalf of the Defendant, Kroll provided notice of the proposed Settlement reflected in the Settlement Agreement pursuant to the Class Action Fairness Act 28 U.S.C. §1715(b) ("the CAFA Notice").  At Defense Counsel's direction, Kroll sent the CAFA Notice, attached hereto as **Exhibit A**, to the (i) Attorney General of the United States and (ii) 56 state Attorneys General identified in the service list for the CAFA Notice, attached hereto as **Exhibit B,** via First-Class Certified Mail, on April 21, 2022. The CAFA Notice directed the Attorneys General to the website www.CAFANotice.com, a site that contains all the Settlement documents referenced in the CAFA Notice.

## SETTLEMENT WEBSITE

9.      On   June   6,   2022,   Kroll   created   a   dedicated   website   entitled www.volusionprivacyclassaction.com (the "Settlement Website"). The Settlement Website contains relevant information pertaining to the Settlement, important Settlement documents, a contact section, a frequently asked questions section, and allowed Class Members an opportunity to file a Claim Form online.

## TOLL-FREE INFORMATION LINE, EMAIL AND POST OFFICE BOX

10.      On June 6, 2022, Kroll established a toll-free number, 1-833-620-3589, for Class Members to call and obtain additional information regarding the Settlement through an Interactive Voice Response ("IVR") system. Callers are able to hear an introductory message with a brief summary of the Settlement and have the option to hear answers to FAQs. The automated phone system is available 24 hours per day, 7 days per week.  As of August 3, 2022, the IVR has received 101 calls.

---

[2] FED. JUD. CTR., *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* (2010), *available at* https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf.  The guide suggests that the minimum threshold for adequate notice is 70%.  *See id.* at pp. 1, 3.

11.     On   June   6,   2022,   Kroll   established   an   email   address, info@VolusionPrivacyClassAction.com, to receive and reply to email inquiries from Class Members pertaining to the Settlement.

12.     On March 29, 2022, Kroll designated a post office box with the mailing address *Volusion Privacy Settlement,* PO Box 5324, New York, NY 10150-5324 in order to receive requests for exclusion, Claim Forms, objections, and correspondence from Class Members.

## SETTLEMENT CLASS DATA

13.     On May 23, 2022, Kroll received three (3) data files from the Defendant.  One file contained 502,667 names and email addresses.  The second file contained 38,695 names and email addresses. The third file contained 51,311 names, email address, and mailing addresses for potential Class Members. In total, once reconciled, combined and deduplicated, the eventual Class Member list totaled 529,156 records, of which there was an email and/or mailing address for 528,933 records.

## NOTICE PLAN

14.     On June 6, 2022, Kroll commenced Email Notice to the 522,078 records with email addresses on file for Class Members.  A true and correct copy of a complete exemplar Email Notice (including the subject line) is attached hereto as **Exhibit C.**  Of the 522,078 emails attempted for delivery, 34,284 emails were rejected/bounced.  Based upon our experience in other similar administrations, it is not uncommon to see anywhere from 10-15% of emails being bounced or rejected. In this case, only about 7% were rejected.

15.     On June 21, 2022, Kroll caused 27,391 Postcard Notices to be mailed via First Class Mail to Class Members for whom a physical mailing address was provided, and the Email Notice was either rejected/bounced or otherwise undelivered.  Additionally, in an effort to ensure that the Postcard Notices would be deliverable to Class Members, Kroll caused the mailing address information to be updated utilizing the National Change of Address ("NCOA") database, which provides updated address information for individuals who have moved during the previous four years and filed a change of address with the United States Postal Service ("USPS").  A true and correct copy the Postcard Notice is attached hereto as **Exhibit D**.

16.     As of August 3, 2022, 178 Postcard Notices were returned to the USPS as undeliverable with a forwarding address.  Upon information and belief, these Postcard Notices were automatically re-mailed or forwarded by the USPS to the updated addresses provided by the USPS.

17.     As of August 3, 2022, 1,180 Postcard Notices were returned to Kroll by the USPS as undeliverable as addressed, without a forwarding address.  Kroll ran 1,169 undeliverable records through an advanced address search.[3] The advanced address search produced 817 updated addresses. Kroll has re-mailed Postcard Notices to the 817 updated addresses obtained from the advanced address search.

18.     In summary, Kroll sent out Email Notice and/or Postcard Notice to 528,935 of the 529,156 Class Members. Based upon the undeliverable rates noted above, Kroll estimates direct notice was delivered to an overwhelming majority of the Class; indeed over 95% of the Class are assumed to have received direct notice.

**CLAIMS, OBJECTIONS & REQUESTS FOR EXCLUSION RECEIVED TO DATE**

19.     The last day to submit claims, objections or requests for exclusion is September 6, 2022. Kroll sent a reminder email on July 27, 2022 to Class Members who had not yet filed a Claim, notifying them that they can still do so should they choose prior to the Claim Form deadline. Kroll intends to send a second reminder email in late August, closer to the Claim Form deadline.

20.     Kroll is still in the process of reviewing and validating Claim Forms as they are received. To prevent Claims Forms from being filed by individuals outside of the Class and to curtail fraud, Class Members were provided a unique Class Member ID on their respective notices. The Class Member ID is required for Class Members to file a Claim Form online.  Any mailed in Claim Forms without the Class Member ID will be reviewed against the Class List to confirm that they should be included. As of August 3, 2022, Kroll has received 25 Claim Forms through the mail and 1,046 Claim Forms filed electronically through the Settlement Website.

21.     As of August 3, 2022, Kroll has received two (2) timely exclusion requests and no objections to the Settlement.  A list of the requests for exclusions is attached hereto as **Exhibit E**.

---

[3] The remaining 11 undeliverable Notices received to date were received after the advanced address search was run and therefore those records were not included in the search.

**NOTICE PLAN CONCLUSION**

22.     In conclusion, the notice plan implemented for this Settlement is consistent with other similar court-approved notice programs and satisfies the best notice requirements of Rule 23(c)(2)(b), including providing individual notice to all reasonably identifiable Class Members. Based on the final analysis of the direct mail/email program, we can reasonably assume that Email Notice and Postcard Notice was delivered to approximately 95% of the Class.

23.     Kroll will provide a supplemental declaration closer to the date of the final approval hearing with updated claims and exclusion data.

I certify the foregoing statements are true and correct under penalty of perjury under the laws of the United States.  Executed this 3rd day of August 2022 in Oakland, California.

Justin R. Hughes

# EXHIBIT A



---

<u>VIA US CERTIFIED MAIL</u>

To:     All "Appropriate" Federal and State Officials Per 28 U.S.C. §
        1715 (see attached distribution list)

Re:     <u>CAFA Notice for the Proposed Settlement in *Lopez et al v. Volusion, LLC*, 1:20-
        cv-00761, pending in the United States District Court, Western District of
        Texas, Austin Division</u>

        Pursuant to Section 3 of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, Defendant
Volusion, LLC ("Defendant" or "Volusion") hereby notifies you of the proposed settlement of the
above-captioned action (the "Action") currently pending in the United States District Court, Western
District of Texas, Austin Division (the "Court").

        Eight items must be provided to you in connection with any proposed class action settlement
pursuant to 28 U.S.C. § 1715(b). Each of these items is addressed below:

1.      <u>28 U.S.C. § 1715 (b)(l) - a copy of the complaint and any materials filed with the
        complaint and any amended complaints</u>.

        The Complaint is available at the website: www.cafanotice.com under the *Lopez et al
        v. Volusion, LLC* folder as **Exhibit A – Original Complaint**.

2.      <u>28 U.S.C. § 1715 (b)(2) - notice of any scheduled judicial hearing in the class action</u>.

        On April 12, 2022, Plaintiff filed Plaintiffs' Unopposed Motion for Preliminary
        Approval of Class Action Settlement, Preliminary Certification, and Approval of
        Notice Plan (the "Unopposed Motion for Preliminary Approval").  The Court has not
        yet scheduled a Motion Hearing nor the Fairness Hearing for this matter. The
        Unopposed Motion for Preliminary Approval and the Proposed Preliminary Approval
        Order are available at the website: www.cafanotice.com under the *Lopez et al v.
        Volusion, LLC* folder as **Exhibit B – Unopposed Motion for Preliminary Approval
        and Exhibit C - Proposed Preliminary Approval Order**.

3.      <u>28 U.S.C. § 1715(b)(3) - any proposed or final notification to class members</u>.

        A copy of the proposed Postcard Notice and Email Notice, which will be provided
        directly to Class Members, and Long Form Notice which will be available on the
        Settlement website created for the administration are available for viewing at the
        website: www.cafanotice.com under the *Lopez et al v. Volusion, LLC* folder as **Exhibit
        D – Postcard Notice**, **Exhibit E – Email Notice**, and **Exhibit F – Long Form Notice**.
        The Notices describe, among other things, the claim submission process and the Class



Members' rights to object or exclude themselves from the Class along with important deadlines to act.

4.   <u>28 U.S.C. § 1715(b)(4) - any proposed or final class action settlement</u>.

The Class Action Settlement Agreement and Release is available at the website: www.cafanotice.com under the *Lopez et al v. Volusion, LLC*. folder as **Exhibit G – Settlement Agreement.**

5.   <u>28 U.S.C. § 1715(b)(5) - any settlement or other agreement contemporaneously made between class counsel and counsel for defendants</u>.

There are no other settlements or other agreements between Class Counsel and counsel for Defendant beyond what is set forth in the Agreement.

6.   <u>28 U.S.C. § 1715(b)(6) - any final judgment or notice of dismissal</u>.

The Court has not yet entered a final judgment or notice of dismissal. Accordingly, no such document is presently available.

7.   <u>28 U.S.C. § 1715(b)(7) – (A) If feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate State official; or (B) if the provision of the information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement</u>.

The definition of the class in the proposed Settlement Agreement means all persons to whom Volusion sent its Notice of Data Incident dated on or about April 21, 2020, advising that on or about October 8, 2019, Volusion learned that personal information of some customers of Volusion's merchant clients may have been improperly exposed as a result of malware placed on Volusion's e-commerce platform. Excluded from the Class is any judge presiding over this matter and any members of their first-degree relatives, judicial staff, the officers and directors of Volusion and its customers who were impacted by the Data Security Incident, Class Counsel and their first-degree relatives, and persons who timely and validly requires exclusion from the Class. The complete list and counts by state of Class Members is not known at this time.

8.   <u>28 U.S.C. § 1715(b)(8) - any written judicial opinion relating to the materials described in 28 U.S.C. § 1715(b) subparagraphs (3) through (6)</u>.

There has been no written judicial opinion. Accordingly, no such document is presently available.



If you have any questions about this notice, the Action, or the materials located on the website: www.cafanotice.com under the *Lopez et al v. Volusion, LLC* folder, please contact the undersigned listed below.

Respectfully submitted,

Justin R. Hughes
Senior Director
(215) 430-6005
Justin.Hughes@Kroll.com

# EXHIBIT B

SERVICE LIST FOR CAFA NOTICE

**U.S. Attorney General**
Merrick B. Garland
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

**Alabama Attorney General**
Steve Marshall
501 Washington Ave.
P.O. Box 300152
Montgomery, AL 36130

**Alaska Attorney General**
Treg Taylor
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501

**American Samoa Attorney General**
Fainu'ulelei Falefatu Ala'ilima-Utu
Executive Office Building 3rd Floor
PO BOX 7
Utulei, AS 96799

**Arizona Attorney General**
Mark Brnovich
2005 N Central Ave
Phoenix, AZ 85004

**Arkansas Attorney General**
Leslie Rutledge
323 Center St., Suite 200
Little Rock, AR 72201

**California Attorney General**
Rob Bonta
1300 I St., Ste. 1740
Sacramento, CA 95814

**Colorado Attorney General**
Phil Weiser
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203

**Connecticut Attorney General**
William Tong
165 Capitol Avenue
Hartford, CT 06106

**Delaware Attorney General**
Kathy Jennings
Carvel State Office Building
820 N. French St.,
Wilmington, DE 19801

**District of Columbia Attorney General**
Karl A. Racine
400 6th St., NW
Washington, DC 20001

**Florida Attorney General**
Ashley Moody
The Capitol, PL 01
Tallahassee, FL 32399

**Georgia Attorney General**
Chris Carr
40 Capitol Square, SW
Atlanta, GA 30334

**Guam Attorney General**
Leevin T. Camacho
590 S. Marine Corps Dr, Ste 706
ITC Building Tamuning, Guam 96913

**Hawaii Attorney General**
Holly T. Shikada
425 Queen St.
Honolulu, HI 96813

**Idaho Attorney General**
Lawrence Wasden
700 W. Jefferson Street, Suite 210
P.O. Box 83720
Boise, ID 83720

**Illinois Attorney General**
Kwame Raoul
James R. Thompson Ctr.
100 W. Randolph St.
Chicago, IL 60601

**Indiana Attorney General**
Todd Rokita
Indiana Government Center South
5th Floor
302 West Washington Street
Indianapolis, IN 46204

**Iowa Attorney General**
Tom Miller
Hoover State Office Building
1305 E. Walnut
Des Moines, IA 50319

**Kansas Attorney General**
Derek Schmidt
120 S.W. 10th Ave., 2nd Fl.
Topeka, KS 66612

**Kentucky Attorney General**
Daniel Cameron
700 Capitol Avenue
Capitol Building, Suite 118
Frankfort, KY 40601

**Louisiana Attorney General**
Jeff Landry
P.O. Box 94095
Baton Rouge, LA 70804

**Maine Attorney General**
Aaron Frey
State House Station 6
Augusta, ME 04333

**Maryland Attorney General**
Brian Frosh
200 St. Paul Place
Baltimore, MD 21202

**Massachusetts Attorney General**
Maura Healey
1 Ashburton Place
Boston, MA 02108

**Michigan Attorney General**
Dana Nessel
P.O. Box 30212
525 W. Ottawa St.
Lansing, MI 48909

**Minnesota Attorney General**
Keith Ellison
445 Minnesota Street
Suite 1400
St. Paul, MN 55101

**Mississippi Attorney General**
Lynn Fitch
Department of Justice
P.O. Box 220
Jackson, MS 39205

**Missouri Attorney General**
Eric Schmitt
Supreme Ct. Bldg.
207 W. High St.
Jefferson City, MO 65101

**Montana Attorney General**
Austin Knudsen
Justice Bldg.
215 N. Sanders
Helena, MT 59620

**Nebraska Attorney General**
Doug Peterson
State Capitol
P.O. Box 98920
Lincoln, NE 68509

**Nevada Attorney General**
Aaron D. Ford
Old Supreme Ct. Bldg.
100 N. Carson St.
Carson City, NV 89701

**New Hampshire Attorney General**
John Formella
33 Capitol St.
Concord, NH 03301

**New Jersey Attorney General**
Matthew J. Platkin
Richard J. Hughes Justice Complex
25 Market Street, P.O. Box 080
Trenton, NJ 08625

**New Mexico Attorney General**
Hector Balderas
P.O. Drawer 1508
Santa Fe, NM 87504

**New York Attorney General**
Letitia A. James
Department of Law - The Capitol, 2nd fl.
Albany, NY 12224

**North Carolina Attorney General**
Josh Stein
Dept. of Justice
P.O. Box 629
Raleigh, NC 27602

**North Dakota Attorney General**
Drew Wrigley
State Capitol
600 E. Boulevard Ave.
Bismarck, ND 58505

**Ohio Attorney General**
Dave Yost
State Office Tower
30 E. Broad St.
Columbus, OH 43266

**Oklahoma Attorney General**
John O'Connor
313 NE 21st Street
Oklahoma City, OK 73105

**Oregon Attorney General**
Ellen F. Rosenblum
Justice Bldg.
1162 Court St., NE
Salem, OR 97301

**Pennsylvania Attorney General**
Josh Shapiro
16th Floor, Strawberry Square
Harrisburg, PA 17120

**Puerto Rico Attorney General**
Domingo Emanuelli Hernandez
PO Box 9020192
San Juan, PR 00902

**Rhode Island Attorney General**
Peter F. Neronha
150 S. Main St.
Providence, RI 02903

**South Carolina Attorney General**
Alan Wilson
Rembert C. Dennis Office Building
P.O. Box 11549,
Columbia, SC 29211

**South Dakota Attorney General**
Jason Ravnsborg
1302 East Highway 14, Suite 1
Pierre, SD 57501

**Tennessee Attorney General**
Herbert H. Slatery III
425 5th Avenue North
Nashville, TN 37243

**Texas Attorney General**
Ken Paxton
Capitol Station
P.O. Box 12548
Austin, TX 78711

**U.S. Virgin Islands Attorney General**
Denise N. George
34-38 Kronprindsens Gade
GERS Building, 2nd Floor
St. Thomas, Virgin Islands 00802

**Utah Attorney General**
Sean Reyes
PO BOX 142320
Salt Lake City, UT 84114

**Vermont Attorney General**
T.J. Donovan
109 State St.
Montpelier, VT 05609

**Virginia Attorney General**
Jason Miyares
202 North Ninth Street
Richmond, VA 23219

**Washington Attorney General**
Bob Ferguson
1125 Washington St. SE
P.O. Box 40100
Olympia, WA 98504

**West Virginia Attorney General**
Patrick Morrisey
State Capitol Complex
Building 1, Room E-26
1900 Kanawha Blvd, E
Charleston, WV 25305

**Wisconsin Attorney General**
Josh Kaul
Wisconsin Department of Justice, State Capitol,
Room 114 East
P.O. Box 7857
Madison, WI 53707

**Wyoming Attorney General**
Bridget Hill
109 State Capitol
Cheyenne, WY 82002

**Northern Mariana Islands Attorney General**
Edward Manibusan
P.O. Box 10007
Administration Building
Saipan, MP  96950

# EXHIBIT C

**From:** NoReply.Volusionprivacyclassaction <NoReply@Volusionprivacyclassaction.com>
**Subject:** [EXTERNAL] Legal Notice of Volusion Privacy Settlement

Claimant ID: 53249KARENARI

A Texas Federal Court authorized this Notice. This is not a solicitation.

**If you were sent a notice by Volusion, LLC dated on or about April 21, 2020, regarding a Data Security Incident, you may be eligible for benefits from a class action settlement.**

*Para una notificación en español, visite* www.VolusionPrivacyClassAction.com

Dear Karen Arinsberg:

You are receiving this notice to inform you of your rights and options in a proposed settlement in a class action lawsuit called *Julio Lopez and Michael Oros, on behalf of themselves and all others similarly situated v. Volusion, LLC*, W.D. Tex (the "Settlement").

**What is this about?** The lawsuit relates to an incident that took place on or about October 8, 2019, when Volusion learned that personal information of some customers of Volusion's merchant clients may have been improperly exposed as a result of malware placed on Volusion's e-commerce platform (the "Data Security Incident"). Volusion denies all allegations of wrongdoing or liability made in the lawsuit. Both sides have agreed to the Settlement to avoid the cost of further litigation.

**Why am I being contacted?** Records from Volusion indicate that your information may have been affected by the Data Security Incident and your rights may be affected by the proposed Settlement.

**What does the Settlement provide?** The proposed Settlement provides for funds up to $4.3 million less additional defense expenses. The Settlement Fund will be used to pay for the following: (1) all notice and administration expenses; (2) any award of Attorneys' Fees and Expenses not to exceed $450,000, as approved by the Court; (3) any Service Awards to the Class Representatives, not to exceed $2,500; and (4) Settlement Benefits for approved Claims for out-of-pocket Losses and approved Claims for lost time. Settlement Benefits are described more fully in the Settlement Agreement available at www.VolusionPrivacyClassAction.com.

**What can I get?** If the Court approves the Settlement, Class Members who have submitted approved Claims are eligible to receive the following:

Compensation for Out-of-Pocket Losses: Compensation for out-of-pocket Losses, up to a total of $1,500.00 per person for certain out-of-pocket expenses incurred because of the Data Security Incident. You must provide documentation of all out-of-pocket losses claimed.

Payment for Time Spent: You may be compensated for your time spent responding to the Data Security Incident of up to three (3) hours of lost time at $20.00/hour. Payment for the time spent will be included within, and not in addition to, out-of-pocket losses claimed up to the maximum $1,500.00 per person.

**How do I file a claim?** To receive Settlement Benefits you must file a Claim. Your Claimant ID is: 53249KARENARI.  To file a Claim online, go to www.VolusionPrivacyClassAction.com or download a Claim Form. You can also write: **Volusion Privacy Settlement, c/o Kroll Settlement Administration, PO Box 5324, New York, NY 10150-5324**, or email: info@VolusionPrivacyClassAction.com. All Claim Forms must be submitted online or postmarked by **September 6, 2022**.

**What are my other options?**
Do Nothing: If you do nothing, you will not get any Settlement Benefits and you will give up your right to sue or continue to sue Volusion, LLC for the claims in this case.

Exclude Yourself: If you exclude yourself or remove yourself from the Class, you will not receive any Settlement Benefits. You will keep your right to sue or continue to sue Volusion, LLC for the claims in this case. Exclusion requests must be postmarked by **September 6, 2022**.

Object. If you do not exclude yourself from the Settlement you may object to it or tell the Court what you don't like about the Settlement. Objections must be filed with the Clerk of Court and a copy mailed to the Settlement Administrator by **September 6, 2022**. For more details about your rights and options and how to exclude yourself or object, go to www.VolusionPrivacyClassAction.com.

**What happens next?** The Court will hold a Final Approval Hearing on October 6, 2022 at 9:30 a.m., at the US District Court for the Western District of Texas, 501 West Fifth Street, Austin  Texas 78701, to consider whether to approve the Settlement, Class Counsel's attorneys' fees and expenses, and Class Representatives' Service Awards. Class Counsel's fee motion will be posted to the website below once filed. The Court has appointed Edwards Law Group, Pearson, Simon & Warshaw, LLP, Kopelowitz Ostrow Ferguson Weiselberg and Gilbert, and Tycko & Zavareei LLP as Class Counsel. Class Counsel will answer any questions that the Court may have. You or your attorney may ask to speak at the hearing at your own cost, but you don't have to. A Notice of Intention to Appear at the Final Approval Hearing must be filed by **September 6, 2022.**

**How do I get more information?** To view the full notice and important documents such as the Settlement Agreement, go to www.VolusionPrivacyClassAction.com or contact

the Settlement Administrator by writing to **Volusion Privacy Settlement, c/o Kroll Settlement Administration, PO Box 5324, New York, NY 10150-5324**, or emailing info@VolusionPrivacyClassAction.com, or calling 1-833-620-3589.

### PLEASE DO NOT CONTACT THE COURT OR THE COURT CLERK'S OFFICE

To unsubscribe from this list, please click Here: Unsubscribe

# EXHIBIT D

Volusion Privacy Settlement
c/o Kroll Settlement Administration
P.O. Box 5324
New York, NY 10150-5324

FIRST-CLASS MAIL
U.S. POSTAGE PAID
CITY, ST
PERMIT NO. XXXX

A Texas Federal Court authorized this Notice.
This is not a solicitation.

**If you were sent a notice by Volusion, LLC
dated on or about April 21, 2020, regarding
a Data Security Incident, you may be eligible for
benefits from a class action settlement.**

**Para una notificación en español, visite
www.VolusionPrivacyClassAction.com**

Postal Service: Please do not mark barcode
<<Barcode>>

Class Member ID: <<Refnum>>

<<FirstName>> <<LastName>>
<<Address>>
<<Address2>>
<<City>>, <<ST>> <<Zip>>-<<zip4>>

[[POSTAL CODE AREA]]

You are receiving this notice to inform you of your rights and options in a proposed settlement in a class action lawsuit called Julio Lopez and Michael Bros, et al v. Volusion, LLC, W.D. Tex. (the Settlement).

**What is this about?** The lawsuit relates to an incident that took place on or about October 8, 2019, when Volusion learned that personal information of some customers of Volusion's merchant clients may have been improperly exposed as a result of malware placed on Volusion's e-commerce platform (the "Data Security Incident"). Volusion denies all allegations of wrongdoing or liability made in the lawsuit. Both sides have agreed to the Settlement to avoid the cost of further litigation.

**Why am I being contacted?** Records from Volusion indicate that your information may have been affected by the Data Security Incident and your rights may be affected by the proposed Settlement.

**What does the Settlement provide?** The proposed Settlement provides for funds up to $4.3 million less additional defense expenses. The settlement fund will be used to pay for the following: (1) all notice and administration expenses; (2) any award of attorneys' fees and expenses not to exceed $450,000, as approved by the Court; (3) any Service Awards to the Class Representatives, not to exceed $2,500 each; and (4) Settlement Benefits for approved Claims for out-of-pocket losses and approved Claims for lost time. Settlement Benefits are described more fully in the Settlement Agreement available at **www.VolusionPrivacyClassAction.com**.

**What can I get?** If the Court approves the Settlement, Class Members who have submitted Approved Claims are eligible to receive the following:

**Compensation for Out-of-Pocket Losses:** Compensation for out-of-pocket losses, up to a total of $1,500.00 per person for certain out-of-pocket expenses incurred because of the Data Security Incident. You must provide documentation of all out-of-pocket losses claimed.

**Payment for Time Spent:** You may be compensated for your time spent responding to the Data Security Incident of up to three (3) hours of lost time at $20.00/ hour. Payment for time spent will be included within, and not in addition to, out-of-pocket losses claimed up to the maximum $1,500.00 per person.

**How do I file a claim?** To receive Settlement Benefits, go to **www.VolusionPrivacyClassAction.com** to file online or download a Claim Form. You can write: Volusion Privacy Settlement, c/o Kroll Settlement Administration, PO Box 5324, New York, NY 10150-5324, email: **info@VolusionPrivacyClassAction.com.** All Claim Forms must be submitted online or postmarked by September 6, 2022.

**What are my other options? Do Nothing:** If you do nothing, you will not get any Settlement Benefits and you will give up your right to sue or continue to sue Volusion, LLC for the claims in this case. **Exclude Yourself**: If you exclude yourself or remove yourself from the Class, you will not receive any Settlement Benefits. You will keep your right to sue or continue to sue Volusion, LLC for the claims in this case. Exclusion requests must be postmarked by September 6, 2022. **Object:** If you do not exclude yourself from the Settlement you may object to it or tell the Court what you don't like about the Settlement. Objections must be filed with the Clerk of Court and a copy mailed to the Settlement Administrator by September 6, 2022. For more details about your rights and options and how to exclude yourself or object, go to **www.VolusionPrivacyClassAction.com**.

**What happens next?** The Court will hold a Final Approval Hearing on October 06, 2022 9:30 a.m. at the US District Court for the Western District of Texas, 501 West Fifth Street, Austin, Texas 78701, to consider whether to approve the Settlement, Class Counsel's attorneys' fees and expenses, and Class Representatives' Service Awards. Class Counsel's fee motion will be posted to the website below once filed. The Court has appointed Edwards Law Group, Pearson, Simon & Warshaw, LLP, Kopelowitz Ostrow Ferguson Weiselberg and Gilbert, and Tycko & Zavareei LLP as Class Counsel. Class Counsel will answer any questions that the Court may have. You or your attorney may ask to speak at the hearing at your own cost, but you don't have to. A Notice of Intention to Appear at the Final Approval Hearing must be filed by September 6, 2022.

**How do I get more information?** To view the full notice and important documents such as the Settlement Agreement, go to **www.VolusionPrivacyClassAction.com** or contact the Settlement Administrator by writing to Volusion Privacy Settlement, c/o Kroll Settlement Administration, PO Box 5324, New York, NY 10150-5324, or emailing **info@VolusionPrivacyClassAction.com**, or calling 1-833-620-3589.

**If you did not receive this postcard at your current address, please submit your claim via www.VolusionPrivacyClassAction.com with the correct address and email address.**

**PLEASE DO NOT CONTACT THE COURT OR THE COURT CLERK'S OFFICE**

# EXHIBIT E

## <u>REQUESTS FOR EXCLUSION</u>

1. Todd Clark, Pittsfield, MA 01201

2. Julie Lynn Adams, Union City, TN 38261