UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JULIO LOPEZ and MICHAEL OROS, *On Behalf of Themselves and All Others Similarly Situated*, <br><br> Plaintiffs, <br><br> v. <br><br> VOLUSION, LLC, <br><br> Defendant. | Case No.: 1:20-cv-00761-LY |

**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT AND JUDGMENT**

On May 12, 2022, this Court preliminarily approved the class action Settlement[1] between Plaintiffs Julio Lopez and Michael Oros, on behalf of themselves and all others similarly situated, and Defendant Volusion, LLC, which would resolve the pending claims in this nationwide class action. *See* Order Granting Preliminary Approval, May 12, 2022, Dkt. No. 40 ("Preliminary Approval Order").

On June 6, 2022 and June 21, 2022, pursuant to the notice requirements set forth in the Preliminary Approval Order and in the Settlement Agreement, the Settlement Class was notified of the terms of the proposed Settlement Agreement, their right to opt-out, and their right to object to the Settlement Agreement and to be heard at a final approval hearing.

---

[1] All capitalized terms herein have the same meaning as defined in the Settlement Agreement. Dkt. No. 39-1. The term "Class" or "Settlement Class" is consistent with the definition of the term in the Court's Preliminary Approval Order. *See* Preliminary Approval Order at 3; Section **Error! Reference source not found.**.

1

On October 6, 2022, the Court held a final approval hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the clams contemplated by the Settlement Agreement, and (2) whether judgment should be entered dismissing this action with prejudice. Prior to the final approval hearing, Class Counsel filed with the Court the Declaration of Justin R. Hughes, Senior Director of Kroll, which details the compliance with the provisions of the Preliminary Approval Order and Settlement Agreement relating to notice. Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the final approval hearing in support of, or in opposition to, the Settlement Agreement.

Having provided an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class Counsel and counsel for Defendant, having reviewed all of the submissions presented with respect to the Settlement Agreement, having determined that the Settlement Agreement is fair, adequate, and reasonable, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS HEREBY ORDERED THAT:**

1. The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Class.

2. The Settlement Agreement was entered into in good faith following arm's-length negotiations and is non-collusive.

3. The Settlement Agreement is, in all respects, fair, reasonable, and adequate, is in the best interests of the Settlement Class, and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome, including on appeal, of continued litigation in this complex matter, which further supports the Court's

finding that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of the settlement reflected in the Settlement Agreement.

4. The Court grants final approval to the Settlement Agreement, including but not limited to the releases in the Settlement Agreement, including all Released Claims of Released Parties, and the plans for implementation and distribution of the Settlement Benefits. The Court finds that the Settlement Agreement is in all respects fair, reasonable, adequate, and in the best interests of the Class. Therefore, all Settlement Class Members are bound by this Final Approval Order and Judgment approving the Settlement Agreement.

5. The Parties shall effectuate the Settlement Agreement in accordance with its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force of an order of the Court.

## OBJECTIONS AND OPT-OUTS

6. [Zero] objections were filed by Settlement Class Members. The Court finds that the lack of objections filed counsels in favor of Settlement Agreement approval.

7. All Settlement Class Members who have not objected to the Settlement Agreement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

8. A list of the [two] Class Members who have timely and validly elected to opt-out of the Settlement Agreement and the Settlement Class (the "Opt-Out Members"), and who therefore are not bound by the Settlement Agreement and this Final Approval Order and Judgment, has been submitted to the Court in the Declaration of Justin R. Hughes, Senior Director of Kroll

("Hughes Decl."), filed in advance of the final approval hearing. That list is attached as Exhibit A to this Order. The Opt-Out Members listed in Exhibit A are not bound by the Settlement Agreement and this Final Approval Order and Judgment and shall not be entitled to any of the Settlement Benefits afforded to the Settlement Class Members under the Settlement Agreement.

## **CLASS CERTIFICATION**

9. For purposes of the Settlement Agreement and this Final Approval Order and Judgment only, the Court hereby finally certifies the following class pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e) (the "Class"):

> All persons to whom Volusion sent its Notice of Data Incident dated on or about April 21, 2020, advising that on or about October 8, 2019, Volusion learned that personal information of some customers of Volusion's merchant clients may have been improperly exposed as a result of malware placed on Volusion's e-commerce platform.
>
> Excluded from the Class is any judge presiding over this matter and any members of their first-degree relatives, judicial staff, the officers and directors of Volusion and its customers who were impacted by the Data Security Incident, Class Counsel and their first-degree relatives, and persons who timely and validly request exclusion from the Class.

10. The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Federal Rule of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes again that, because this certification of the Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed by the Settlement Agreement.

11. The Court grants final approval to the appointment of Plaintiffs Julio Lopez and Michael Oros as Class Representatives. The Court concludes that the Plaintiffs have fairly and adequately represented the Settlement Class and will continue to do so.

12. The Court grants final approval to the appointment of Michael Singley, Edwards Law Group, Melissa S. Weiner, Pearson, Simon & Warshaw, LLP, Jonathan M. Streisfeld, Kopelowitz Ostrow Ferguson Weiselberg Gilbert, and Hassan A. Zavareei, Tycko & Zavareei LLP as Class Counsel. The Court concludes that Class Counsel has adequately represented the Class and will continue to do so.

## NOTICE TO THE CLASS

13. The Court finds that the Class Notice and the Parties' plan to provide notice to Class Members, as set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Class of the pendency of the Litigation, certification of the Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their right to object and to appear at the final approval hearing or to exclude themselves from the Settlement Agreement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

14. The Court finds that Defendant has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

## OTHER PROVISIONS

15. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

16. Within the time period set forth in the Settlement Agreement, the Settlement Benefits provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim Forms, on approved Claims, pursuant to the terms and conditions of the Settlement Agreement.

17. Pursuant to the Settlement Agreement, Plaintiffs and the Settlement Class Members release claims against all Released Parties. "Released Claims" are defined in the Settlement Agreement, as follows:

> "Released Claims" means any and all claims actually alleged in the Litigation and all potential claims, whether known or unknown, reasonably arising out of the same set of operative facts alleged in the Litigation, under the laws of any jurisdiction, including federal law, state law, and common law, whether at law or equity.

18. Pursuant to the Settlement Agreement, Plaintiffs and the Settlement Class Members release claims against all "Released Parties," as defined in the Settlement Agreement, as follows:

> "Released Parties" means Hartford and Volusion, and their parent companies, subsidiaries, predecessors, successors, divisions, joint ventures, affiliates and related entities, and all of their respective past and present directors, officers, employees, partners, principals, stockholders, owners, agents, attorneys, insurers, reinsurers, assigns, lenders, and related or affiliated entities and any other persons or entities who may be responsible for the Data Security Incident.

19. The Court hereby dismisses the Complaint and all claims therein on the merits and with prejudice, without fees or costs to any Party except as provided in this Court's Order Awarding Attorneys' Fees, Litigation Expenses and Class Representative Service Awards.

20. If the Settlement Agreement is terminated pursuant to Paragraph IV.B., V.A., and/or XVI.C. of the Settlement Order, or if Defendant withdraws from the Settlement Order pursuant to Paragraph XVI.C. of the Settlement Order, this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order and Judgment shall cease to be of any force and effect; and the Parties shall return to the status quo ante in the Litigation as if the Parties had not entered into the Settlement

Agreement. In such an event, the Parties shall be restored to their respective positions in the Litigation as if the Settlement Agreement had never been entered into (and without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue).

21.     Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

22.     Without affecting the finality of this Final Approval Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

**ENTERED:**

DATED: _____, 2022.


By:     _____
        The Honorable Lee Yeakel
        United States District Judge

## Exhibit A

## EXCLUSION LIST

Pursuant to paragraph 8 of the Court's Order granting Final Approval of the Class Action Settlement, the following individuals are excluded from the Settlement Class and, therefore, not bound by the Settlement Agreement:

1. [NAME]

2. [NAME]