UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
OCT 6 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| JULIO LOPEZ and MICHAEL OROS,<br><br>*On Behalf of Themselves and All Others Similarly Situated,*<br><br>               Plaintiffs,<br><br>v.<br><br>VOLUSION, LLC,<br><br>               Defendant. | Case No.: 1:20-cv-00761-LY |

**ORDER AWARDING ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARDS**

This matter having come before the Court on October 6, 2022, on Plaintiffs' Motion for Payment of Attorneys' Fees, Reimbursement of Litigation Expenses and Class Representative Service Awards (the "Fee Motion"), the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this Litigation to be fair, reasonable, and adequate, and otherwise being fully informed in the premises and good cause appearing therefore;

**IT IS HEREBY ORDERED THAT:**

1. This Order incorporates by reference the definitions in the Settlement Agreement, Dkt. No. 39-1, and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Settlement Agreement. The term "Class" or "Settlement Class" is consistent with the definition of the term in the Court's Preliminary Approval Order. *See* Preliminary Approval Order at 3.

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all Class Members who have not timely and validly requested exclusion.

3. The Class Notice included notice of Class Counsel's Fee Motion and was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Class of the pendency of the Litigation, certification of the Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their right to object and to appear at the final approval hearing or to exclude themselves from the Settlement Agreement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

4. The Court hereby awards Class Counsel attorneys' fees and costs of $450,000.00. The Court finds that the amount of fees awarded is appropriate and that the amount of fees awarded is fair and reasonable under the "lodestar" method and the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

5. The awarded attorneys' fees and costs shall be paid to Class Counsel upon entry of this Order, subject to the terms, conditions, and obligations of the Settlement Agreement.

6. In making this award of fees and expenses to Class Counsel, the Court has considered and found that:

    a. The Settlement provides significant monetary relief to the Settlement Class. Volusion and its insurance company, Hartford, have agreed to pay all valid claims by Settlement Class Members up to an agreed aggregate cap or Hartford's remaining policy limits, estimated to be $4,300,000.00 at the time of the Agreement, less additional defense expenses reasonably incurred in connection with the documentation, approval and administration of final approval of the Settlement Agreement, costs of settlement administration, and any payment of

attorneys' fees, reimbursement of litigation costs, and Class Representative service awards. *See* Settlement Agreement ¶ VI.B.

b.  The Settlement Administrator has received only six requests for exclusion (out of a class of over 500,000) and zero objections. Class Counsel has pursued the Litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

c.  Class Counsel has expended substantial time and effort pursuing the Litigation on behalf of the Class;

d.  Class Counsel pursued the Litigation on a contingent basis, having received no compensation during the Litigation, and any fee amount has been contingent on the result achieved;

e.  The Litigation involves complex factual and legal issues and, in the absence of a settlement, would involve lengthy proceedings whose resolution would be uncertain;

f.  Had Class Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from Defendant;

g.  Class Counsel devoted over 498.50 hours, with a lodestar value of approximately $330,078.60, to achieve the Settlement;

h.  Public policy concerns favor the award of reasonable attorneys' fees and expenses in class action litigation; and

i.  The attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases within the Fifth Circuit.

7. Any appeal or challenge affecting this Court's approval regarding the Fee Motion shall in no way disturb or affect the finality of the Judgment with respect to the Settlement.

8. The Court awards $2,500.00 to Plaintiff Julio Lopez and $2,500.00 to Plaintiff Michael Oros as service awards for time spent directly related to their representation of the Class.

9. In the event that the Settlement Agreement is terminated, or the Effective Date does not occur in accordance with the terms of the Settlement Agreement, this Order shall be rendered null and void to the extent provided in the Settlement Agreement and shall be vacated in accordance with the Settlement Agreement.

SIGNED and DATED: October 6, 2022.

By: _____
The Honorable Lee Yeakel
United States District Judge